# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY PETERSON**
        **Petitioner,**

      **v.**                                        **Case No. 06-C-1066**

**UNITED STATES OF AMERICA**
        **Respondent.**

## DECISION AND ORDER

Petitioner Larry Peterson pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and use of a firearm during that robbery, 18 U.S.C. § 924(c), and I sentenced him to a total of 147 months in prison (63 months for the robbery and 84 months consecutive on the § 924(c) charge). I also ordered restitution in the amount of $93,331. Petitioner appealed, arguing that I erred in denying a motion to suppress his statement based on a Miranda violation and in refusing to allow him to withdraw his guilty pleas. The Seventh Circuit Court of Appeals rejected his arguments and affirmed. United States v. Peterson, 414 F.3d 825 (7th Cir.), cert. denied, 126 S. Ct. 592 (2005).

Petitioner then filed this collateral attack under 28 U.S.C. § 2255, arguing that his lawyers provided ineffective assistance by failing to file a motion to dismiss the indictment based on the alleged unconstitutionality of his arrest and to argue that he could not be sentenced under both § 2113(d) and § 924(c); that his Fourth Amendment rights were violated by his warrantless arrest at his place of employment; and that his Fifth and Sixth Amendment rights were violated by the consecutive sentence under § 924(c). I screened the motion under Rule 4 of the Rules Governing Section 2255 Proceedings, summarily denying petitioner's

claims based the consecutive sentence under § 924(c) but ordering the government to respond to his claims based on the warrantless arrest. Petitioner subsequently filed an amended motion adding a claim that I erred in failing to establish a specific schedule for making restitution payments. The government filed a response to the warrantless arrest claims, and petitioner was afforded a chance to reply but has not timely done so.[1] I now enter the following order under Rule 8 of the Rules Governing Section 2255 Proceedings denying petitioner's remaining claims and dismissing this case.

## I. WARRANTLESS ARREST CLAIMS

Petitioner claims that his lawyer should have moved to dismiss based on the alleged unconstitutionality of his arrest. As I noted in the Rule 4 Order, dismissal of a criminal case is not a proper remedy for an unlawful arrest. However, the court may order suppression of evidence obtained based on an unlawful arrest. E.g., United States v. Medearis, 236 F. Supp. 2d 977, 982-83 (D.S.D. 2002). Thus, I must determine whether counsel's failure to file a motion to suppress constituted ineffective assistance of counsel.

In order to demonstrate ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because the instant claim is based on counsel's failure to file a motion, petitioner must show that the motion was meritorious. United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005), cert. denied, 126 S. Ct. 1021 (2006) (citing Owens v. United States, 387 F.3d 607, 610 (7th Cir. 2004); United States v. Stewart, 388 F.3d 1079, 1084 (7th Cir. 2004)). He cannot do so.

---

[1] I twice granted petitioner extensions to file a reply.

Petitioner was arrested at the Jiffy Lube where he worked based on probable cause that he committed bank robbery. Petitioner does not contest probable cause for the arrest. Instead, relying solely on Payton v. New York, 445 U.S. 573 (1980), he contends that the arrest was unconstitutional because it occurred at his work place and without a warrant. However, Payton concerned a warrantless arrest made inside the home, a place which enjoys special protection under the Fourth Amendment. Id. at 588-90. Petitioner claims that the home and a place of employment are protected equally, but he cites no cases so holding, and I have found none. See United States v. Sawyer, 224 F.3d 675, 678 (7th Cir. 2000) (stating that an officer may legally arrest a suspect without obtaining an arrest warrant if the officer has probable cause to believe the suspect has committed a crime and the suspect is not inside his home).[2] Therefore, because the motion counsel failed to file lacks merit, petitioner's claim of ineffective assistance fails. For the same reason, petitioner's direct Fourth Amendment claim on the same ground fails.[3]

## II. RESTITUTION CLAIM

Petitioner failed to raise any argument concerning the restitution payment schedule on direct appeal, procedurally defaulting the issue for collateral review. Procedural default may be excused if the petitioner can show good cause for the failure to appeal and actual prejudice

---

[2] It is undisputed that officers arrested petitioner in the public area of his work place, during business hours.

[3] As noted in the Rule 4 Order, petitioner's ineffective assistance claim based on the consecutive sentence under § 924(c) also fails, as does his direct claim that the sentence violated his Fifth and Sixth Amendment rights. In his subsequently filed memorandum of law, petitioner cites Simpson v. United States, 435 U.S. 6 (1978), but as the court stated in United States v. Larkin, 978 F.2d 964, 972 (7th Cir. 1992), "Congress amended the relevant statutes after Simpson to expressly provide for consecutive sentences under these circumstances."

3

based on the court's failure to review the claim. See United States v. Frady, 456 U.S. 152, 167 (1982). Petitioner offers no explanation for his failure to raise the issue on appeal. Therefore, the claim is defaulted. See Watzke v. United States, No. 05-C-0525, 2006 U.S. Dist. LEXIS 21957, at *16 (E.D. Wis. Mar. 29, 2006) (finding similar claim procedurally defaulted based on failure to raise on direct appeal).

Further, § 2255 applies only to claims that the prisoner should be released from custody based on a violation of his rights under the Constitution or laws of the United States. Correction of any error in setting the restitution payment schedule will not result in petitioner's release. Thus, § 2255 is not a proper vehicle for attacking the restitution portion of petitioner's sentence. See Cani v. United States, 331 F.3d 1210, 1213-14 (11th Cir. 2003) (collecting cases).[4]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4] The district court may modify the payment schedule if the defendant can demonstrate a material change in economic circumstances that might affect his ability to pay restitution, 18 U.S.C. § 3664(k), but petitioner makes no such claim here.

4